

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 7, 1961

Honorable Andrew Campbell
County Attorney
Hamilton County
Hamilton, Texas

Opinion No. WW-1106

Re: Whether the County Commis-
sioners Court is authorized
to act as a sponsoring agent
of a watershed protection
and flood protection project
on private land wholly in
said county to be established
by the United States Depart-
ment of Agriculture under
Public Law 566.

Dear Mr. Campbell:

Your request for an opinion concerns a proposed cooperative project provided for by Public Law 566 which would provide a series of dams, levees, terraces, and structures along Pecan Creek in Hamilton County on privately owned land on which public easement has been obtained. The purpose of the project would be for flood prevention, and water conservation.

Public Law 566 (Title 16, Section 1001-5, U.S.C.A.) is popularly known as The Watershed Protection and Flood Prevention Act. This Congressional Act was signed into law in 1954. The declared purpose of the Act is to authorize and direct the Federal Government through the Department of Agriculture to cooperate with the several states and their political subdivisions in preventing flood water, erosion, and sediment damage in the watersheds of the rivers and streams of the United States, thereby preserving and protecting the nation's land and water resources.

Under Section 1003-4 of Public Law 566, the Secretary of Agriculture is authorized to cooperate and enter into agreements with and to furnish financial and other assistance to counties in regard to flood control and related problems. On this point the Act specifically provides that all the cost of installation and construction (including engineering costs) of improvements applicable to flood prevention will be borne by the Federal Government and paid for by the Secretary out of funds appropriated for watershed and flood protection.

Section 1004 of the same Act sets out some of the specific conditions the local organizations must comply with in order to receive Federal assistance for installation of improvements.  One such requirement is that the local unit acquire without cost to the Federal Government any easement of right-of-way in land as will be needed for the installation of improvements.  Another condition in Section 1004-3 is that the local unit "make arrangements satisfactory to the Secretary for defraying costs of operating and maintaining such works of improvement, in accordance with regulations presented by the Secretary of Agriculture."  This condition would place on Hamilton County, the proposed local project sponsor, the responsibility of operating and maintaining at county expense the watershed and flood prevention "improvements" after the construction of same by the Federal Government is completed.

Section 59(a) of Article XVI of the Texas Constitution and Article 7466 of Vernon's Civil Statutes set out expressly the legislative attitude of the State of Texas in regard to flood control and watershed protection.  Section 59(a) of Article XVI states in part:

"The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, . . . the reclamation and drainage of its overflowed lands, . . . are each and all hereby declared public rights and duties; . . ."

Compatible with the legislative concern for flood protection and control as expressed above is Section 2 of Article 7048a, Vernon's Civil Statutes.  This provision authorizes all counties to levy a tax for flood control and farm-to-market and lateral roads purposes.  This authorized levy is in the form of an ad valorem tax that the counties are permitted to levy, assess upon all property within their respective boundaries, "except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of the State, provided the revenue therefrom shall be used as provided in this Act for the <u>construction and maintenance</u> of Farm-to-Market and Lateral Roads

or for Flood Control and for these two (2) purposes only."
(Emphasis ours)

Section 3 of Article 7048a requires that the taxes collected under the Act are to be credited by the Commissioners Court to the two separate funds discussed. The Farm-to-Market and Lateral Roads Fund to be used solely for authorized roads within the county, and the Flood Control Fund to be used solely for flood control purposes within the county. This Section requires the credits to the respective funds to be made proportionately in accordance with the tax allocation adopted at the election called for the purpose under Sections 7 and 8 of Article 7048a. See Attorney General's Opinion No. V-1222 pertaining to the sufficiency of wording for ballots to be used at an election on levying farm-to-market or flood control taxes.

Section 5 of Article 7048a places the funds in the Flood Control Fund within the jurisdiction and control of the County Commissioners Court only to be used for flood control purposes. This Section provides further that all or a part of such fund can be used in connection with the plans and programs of the Federal Conservation Service and several other listed types of water control and improvement districts.

If under the before mentioned provisions of Article 7048a, Vernon's Civil Statutes, passed pursuant to Article VIII of the Texas Constitution, Hamilton County assessed and collected the authorized tax and a portion of that tax was allocated to the Flood Control Fund as the result of the called election, and the amount of funds so allocated was sufficient to maintain and operate the completed structures, constructed at Federal expense for watershed protection and flood control purposes in the county, the county could authorize the spending of any amount available in the Flood Control Fund for maintenance purposes and thus meet a primary obligation of a local project sponsor under Public Law 566, if under the law of the State of Texas the county is authorized to enter into a contract or agreement with the United States Department of Agriculture such as contemplated by Public Law 566. Attorney General's Opinion No. WW-595 held that Navarro County could spend tax money to maintain dams constructed in Navarro County by a joint conservation district if such money came from the Flood Control Fund established under Article 7048a, Vernon's Civil Statutes.

The Commissioners Court of any county in the State may enter into contracts for the accomplishment of plans and programs for Flood Control and Soil Conservation with the Federal Conservation Service, etc., under authority of Article 7048b, Vernon's Civil Statutes. Attorney General's Opinion No. WW-596 held that while a county might contract under Article 7048b with the Federal Soil Conservation Service, it is necessary that the county comply with Article 7048a before funds will be available for the maintenance of soil conservation projects. This Article also provides that the responsibility for carrying out such plans and the expenditure of county funds (under Article 7048a, supra) and the funds of the political subdivision concerned may be, by agreement, divided between the parties or delegated to either the county or to one of said subdivisions. The contracts may be for a specified term of years or until certain plans or programs have been accomplished.

Also Article 1109k of Vernon's Civil Statutes provides that all counties are authorized to enter into contracts with soil conservation districts for the joint acquisition of right-of-ways or joint construction or maintenance of improvements restricted to flood control. Such contracts may contain any terms as the governing bodies of the respective political subdivisions determine to be necessary under all facts and circumstances. Here again all counties are authorized to spend tax monies in the Flood Control Fund levied under Article 7048a of Vernon's Civil Statutes. This Article in its original form, Acts 56th Legislature, Regular Session, 1959, Chapter 313, Page 686, popularly known as Senate Bill 313 discloses in Section 6 the desire of the Legislature to provide an adequate provision in the law that would authorize counties to enter into agreements with other governmental units for the purposes of establishing, operating and maintaining flood protection and soil conservation projects.

Finally, Section 1 of Article 1581e, Vernon's Civil Statutes, authorizes all counties the right of eminent domain to condemn and acquire real property and easements over and through all public and private lands for the making of improvements for flood control purposes. Also it is provided that if the Commissioners Court deems the acquisition of the land necessary condemnation of the fee title may be had for the purposes of flood control under Article 3264, Vernon's Civil Statutes, and related provisions dealing with eminent domain and condemnation powers of counties. In addition to the powers specified above Section 3 of Article 1581e states as follows:

Honorable Andrew Campbell, Page 5 (WW-1106)

> "The Commissioners Court of any
> county in this State may contract and
> agree with any other county, political
> subdivision, governmental unit, or
> municipal corporation for the joint
> acquisition of right-of-ways, or joint
> construction or maintenance of canals,
> drains, levees and other improvements
> for flood control and drainage as re-
> lated to flood control, and for making
> necessary outlets, and maintaining them.
> Such contracts shall contain such terms,
> provisions and details as the governing
> bodies of the respective political sub-
> divisions shall determine to be necessary
> under all the facts and circumstances,
> and may provide that such works may be
> maintained jointly, or by . . . exclusive
> direction and control, with such contri-
> butions toward the expense of such main-
> tenance as the other county or political
> subdivision may agree to make." (Emphasis
> ours)

It is assumed that the contract entered into between the County Commissioners Court of Hamilton County and the U.S. Department of Agriculture in the instant case is in compliance with the provisions of the Texas Constitution and Statutes.

Further, if the Commissioners Court has not already done so, it is assumed that the Court will set a maximum amount of tax rate out of the Flood Control tax levy for the purpose of complying with its part of the foregoing agreement, and the exact amount thereof will be specified both in the contract and Commissioners Court minutes. Also it is assumed that the Commissioners Court will leave sufficient margin within the Flood Control tax rate so that the County will be in position to issue and finance time warrants and bonds out of this fund in the future.

In view of the State legislative intent and policy as expressed in the above statutes, it is our opinion that such provisions encourage cooperative agreements or contracts between counties and other political subdivisions, including an agreement with a division or department of the Federal Government in regard to the development and maintenance of watershed and flood protection projects.

## S U M M A R Y

The Commissioners Court of Hamilton County, having obtained an easement on private land on which watershed and flood prevention improvements will be constructed, and having established a Flood Control Fund under Section 1-a of Article VIII of the Texas Constitution and Article 7048a, Vernon's Civil Statutes, the county is authorized to contract or otherwise agree to be a sponsoring agent of a watershed protection and flood control project to be established by The United States Department of Agriculture under Public Law 566.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: I. Raymond Williams, Jr.
Assistant

IRWjr:mm

APPROVED:

OPINION COMMITTEE
Morgan Nesbitt, Chairman

Howard Mays
Linward Shivers
Charles Lind

REVIEWED FOR THE ATTORNEY GENERAL

BY: Houghton Brownlee, Jr.